Filed 1/22/15  P. v. Bartholomew CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOREEN LOUISE BARTHOLOMEW,<br><br>    Defendant and Appellant. | D066352<br><br><br>(Super. Ct. No. RIF1101678) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard T. Fields, Judge.  Affirmed in part, modified in part.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Doreen Louise Bartholomew of arson of an inhabited structure (Pen. Code § 451, subd. (b); count 1)[1] and animal cruelty (§ 597, subd. (a); count 4). The court sentenced Bartholomew to the midterm of five years in prison on count 1 and the midterm of two years on count 4 to be served concurrently.

Bartholomew contends there was insufficient evidence to establish (1) the mobilehome was a structure under section 450, subdivision (b), because the prosecution did not prove the mobilehome was fixed to a particular location, and (2) Bartholomew possessed specific intent to kill the dog because she did not want the dog to burn or die when she set fire to the mobilehome. Bartholomew also contends her sentence for count 4 should have been stayed under section 654 because both of the convictions for counts 1 and 4 were based on a single act. We modify the judgment to stay the sentence on count 4, and we otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Bartholomew suffered multiple seizures and strokes over several years, limiting her ability to process verbal communication, express her thoughts, and care for herself. When it became too difficult for her husband to care for her, he arranged for Bartholomew to live with her best friend, Barbara Hoke. On December 31, 2010, Bartholomew moved in with Hoke who assisted Bartholomew with daily activities such as cooking meals and driving Bartholomew to medical appointments.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Hoke lived in a mobilehome for at least seven years. At trial, the home was described variously as a mobilehome, house, doublewide manufactured home, pre-manufactured home, modular home and structure. In February 2011 another tenant rented the third bedroom of the mobilehome.

On February 23, 2011, the day before the fire, Bartholomew became upset with Hoke because Hoke convinced Bartholomew to keep the dental appointment Bartholomew wanted to reschedule. Bartholomew texted her brother, "Gonna kill Barbara l-o-l just kidding she text me to do something as she wake me . . . ." Upon arrival at the dentist's office, they discovered the dentist rescheduled the appointment and could not see Bartholomew that day.

Bartholomew became very upset. During an argument with Hoke, Bartholomew threw a notebook and refused to speak further with Hoke.[2] Bartholomew spent the evening online using the computer in her bedroom.

At approximately 3:45 a.m., one of Hoke's two small dogs began to bark, awakening Hoke. Hoke realized there was a fire in Bartholomew's room after she knocked on Bartholomew's door and discovered the door was very hot. Hoke stepped away from the door and called for Bartholomew and the other tenant. When Bartholomew's door exploded, Hoke saw the bedroom was engulfed in flames. Hoke escaped through the front door with one dog because she could not locate the other dog in

---

[2] Hoke occasionally communicated with Bartholomew by writing in a notebook to help Bartholomew understand.

3

the smoke. The other tenant escaped through the back door. Bartholomew was found in the carport with a knife in her lap and a non-life threatening injury to her chest.

Bartholomew admitted she lit a scented candle that evening. She claimed she placed it on the floor near her bed. She said she returned to the computer after lighting the candle and later noticed embers burning the bed skirt. Bartholomew posted a message to her brother on a social media site, stating, "I woke up, and I'm leaving. [Hoke] is sleeping. If you wake her, I'll hate you. Okay. I'm burning, and I don't care. Wow, this is crazy. Time to go." Instead of putting out the fire burning the bed skirt, Bartholomew left her bedroom, closed the bedroom door, took a knife from the kitchen, walked out of the back door of the mobilehome, and used the knife to stab her chest.

The investigating fire battalion chief later conducted a controlled burn test and determined placing a lighted candle on the floor next to a bed was not sufficient to cause the fire.

## DISCUSSION

### I

Bartholomew contends there was insufficient evidence to establish (1) the mobilehome was a structure for purposes of the arson statutes because the People did not prove the mobilehome was fixed to a particular location, and (2) Bartholomew possessed specific intent to kill the dog because she did not want the dog to burn or die when she set fire to the mobilehome. We disagree.

We apply the substantial evidence standard of review to assess the sufficiency of the evidence. (*People v. Banks* (2014) 59 Cal. 4th 1113, 1156.) Substantial evidence is

4

defined as "evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*) We view the record in the light most favorable to the judgment, and affirm the convictions if any rational trier of fact could have found guilt based on the evidence and inferences. (*Ibid.*)

A

Bartholomew contends the People failed to prove the mobilehome was a structure within the meaning of section 451, subdivision (b), to support a conviction of arson of an inhabited structure. Specifically, Bartholomew contends the People did not establish the mobilehome was affixed to a particular location and could not readily be moved. (*People v. Labaer* (2001) 88 Cal.App.4th 289, 292 (*Labaer*).)

Section 451 states, "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure . . . ." The statutory definition of structure includes "any building." (§ 450, subd. (a).) Because the term "building" is not statutorily defined, we apply the plain meaning of the statute in light of the evidence before us. (*Labaer*, *supra*, 88 Cal.App.4th at p. 292.) The term building "describes a covered structure that stands predominately by itself and appears more separate and distinct from any other structure than connected to and a part of another structure." (*People v. Muszynski* (2002) 100 Cal.App.4th 672, 679.)

In *Labaer*, we held a partially disassembled mobilehome satisfied the statutory definition of a structure. (*Labaer*, *supra*, 88 Cal.App.4th at p. 294.) In that case, the

5

defendant did not dispute the mobilehome constituted a "building" for the purposes of arson statutes in the months prior to the fire. (*Id*. at 292.) We noted the "evidence established the home was fixed to a particular location, could not be readily moved, and had been used as [defendant's] residence for several months." (*Ibid*.) The issue before us in *Labaer* was whether defendant's actions of dismantling the mobilehome the day before the fire "converted the mobilehome from a 'structure' under section 451, subdivision (c) to generic 'property' subject to lesser punishment under section 451, subdivision (d)." (*Id*., at p. 293.) We concluded it remained a structure because the dismantling was not completed. (*Ibid*.) It had four sides not amounting to solid walls, but with insulation and a partial roof. The interior was largely intact with an interior wall, furnishings, stairs leading to the front door and a particleboard floor.[3] (*Id.*, at pp. 293-294.)

In this case, Hoke used the mobilehome as her residence for at least seven years. The mobilehome had stairs leading to the front door, exterior walls, a full roof, bathroom, kitchen, living room, bedrooms and furniture. The fire battalion chief explained, to determine the cause of the fire, his team removed "structural components of the room of origin," including floor joists, flooring and insulation.

Therefore, we conclude there was sufficient evidence to support the jury's finding the mobilehome satisfied the statutory definition of a structure for purposes of arson.

---

[3] Bartholomew relies heavily on *People v. Goolsby*, which involved a motor home. The case was depublished, however, when the California Supreme Court granted review. (*People v. Goolsby* (2013) 215 Cal.App.4th 1251, review granted Apr. 23, 2014, E052297.)

6

B

Bartholomew also contends insufficient evidence supported the jury's finding she had the requisite intent for animal cruelty because there was no evidence she intended to kill the dog. Again, we disagree.

Section 597, subdivision (a) states, "[E]very person who maliciously and intentionally maims, tortures, or wounds a living animal, or maliciously and intentionally kills an animal, is guilty of a crime . . . ." We have concluded section 597, subdivision (a) is a general, not specific, intent crime. (*People v. Alvarado* (2005) 125 Cal.App.4th 1179, 1190.) The expressions " 'intentionally,' and 'maliciously' are expressions of general, not specific, intent when used in a penal statute." (*Id*., at p. 1188.) The defendant, therefore, must intend the wrongful act, but is not required to have intended the result. (*People v. Iraheta* (2014) 227 Cal.App.4th 611, 621.)[4]

Here, the jury found Bartholomew intentionally started the mobilehome fire, which resulted in the dog's death. The evidence showed Bartholomew knew the dogs were in the mobilehome when she lit the candle, saw the embers burning her bed skirt, closed her bedroom door, took her purse and a knife and left the mobilehome. Moreover, Bartholomew does not dispute she possessed the requisite general intent to start the fire.

---

[4]     We decline to accept Bartholomew's invitation to adopt the reasoning of the concurring opinion in *Alvarado,* which argued animal abuse under section 597, subdivision (a), should be construed as a specific intent crime. (*People v. Alvarado*, *supra*, 125 Cal.App.4th at p. 1192 (conc. opn. of McIntyre, J.).)

7

The evidence was, therefore, sufficient for the jury to find Bartholomew possessed the general intent required to find her guilty of animal cruelty under section 597, subdivision (a).

## II

Section 654 precludes imposing multiple sentences for a single act resulting in multiple convictions because a single act can only be punished once. (*People v. Jones* (2012) 54 Cal.4th 350, 360; see *People v. Lujano* (2014) 229 Cal.App.4th 175, 190.) The court imposed a five-year sentence for count 1 and a concurrent two-year sentence for count 4. The People concede the court below erred by imposing concurrent sentencing for counts 1 and 4 under section 654 because both were based on the single act of starting the fire. Accordingly, the judgment is modified to stay the execution of the sentence on count 4.

DISPOSITION

The judgment is modified to stay the sentence on count 4 pursuant to section 654. The superior court is directed to amend the abstract of judgment reflecting the modification and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:

HALLER, J.

AARON, J.